IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MAURICE GETER, | ) | Civil Action No.: 4:05-cv-3284-CMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| SCDC, ANTHONY PADULA, | ) | |
| DONNA MITCHELL, ARENDA | ) | |
| THOMAS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff brought this action on September 10, 2005, in the Court of Common Pleas in Lee County, South Carolina. Defendants filed a Notice of Removal of the action to this Court on November 23, 2005, stating that plaintiff seeks relief pursuant to the Constitution of the United States and federal statutes and authorities.

On December 7, 2005, plaintiff filed a "reply and objection to notice of removal" in which he states that his complaint asserts only state causes of action. Further, plaintiff states that "any allegations of the original complaint is hereby waived of any federal causes of action. Plaintiff should and has taken notice that taking such a position may have preclusive effects on his ability to assert any such claims in the future. Wherefore, all federal causes of action is deemed waived, the Plaintiff holds the position by way of his amended complaint. . . " (Doc. #8).

On December 27, 2005, defendants filed objections and a response in opposition to the motion. In defendants' "Return to Plaintiff's Reply and Objection to Notice of Removal," they state that they "are prepared to consent to a remand of this action to the Court of Common Pleas, Third Judicial Circuit of the State of South Carolina, Lee County, inasmuch as the plaintiff specifically

disavows and waives any and all federal causes of action, as pleaded in his original complaint, and also as he acknowledges and concedes that he will be precluded from alleging federal causes of action in the future relative to the allegations as set forth in his pleadings." (Doc. #12). Defendants state that they base their consent on paragraph one of the amended complaint which reads "Plaintiff repeats the allegations of the original Complaint as if repeated herein verbatim," must be stricken, as this allegation reincorporates all of the federal causes of action set forth in the original complaint and is contrary to and contradicts the statements made in his objection. In summary, defendants consent to the remand of this action to the Third Judicial Circuit should paragraph one of the Amended Complaint be stricken.

Plaintiff filed a reply in which he states that "I hereby clearify [sic] that I have no federal causes of action, and if need be, I waive any federal causes of action." (Doc. #14).

Since the plaintiff is proceeding pro se, this court is required to treat his filings and pleadings with some degree of liberality. Estelle v. Gamble, 429 U.S. 97 (1976); Hughes v. Rowe, 449 U.S. 9 (1980) (per curiam). However, plaintiff is cautioned that while the mandated liberal construction afforded pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but that a District Court may not rewrite pleadings to include claims that were never presented; Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). Further, while the Court should afford a pro se litigant every reasonable opportunity to construct and present a potentially meritorious claim, the Court cannot act as counsel for the pro se litigant.

Based on the above objections, responses, and replies, the undersigned recommends that the amended complaint be filed with paragraph one stricken and the case remanded to the Court of Common Pleas, Third Judicial Circuit of the State of South Carolina, Lee County. Plaintiff has asserted on more than one occasion that he is not alleging any federal causes of action and is waiving any federal causes of action that he may have brought in the original complaint. Further, plaintiff himself stated to the court in the responses and objections he has filed that he acknowledges and concedes that he will be precluded from alleging federal causes of action in the future relative to the allegations as set forth in his pleadings by waiving any federal causes of action at this time.

## CONCLUSION

Based on the above, the undersigned recommends that the plaintiff's motion to amend his complaint be granted (doc.#9) with paragraph one stricken and the case remanded to the Court of Common Pleas, Third Judicial Circuit of the State of South Carolina, Lee County pursuant to the consent of the parties.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 9, 2006
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * *   We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina  29503
